

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

---

No. 06-19-00081-CR

---

JOHN FITZGERALD DAVIS, Appellant

V.

THE STATE OF TEXAS, Appellee

---

On Appeal from the 188th District Court
Gregg County, Texas
Trial Court No. 48028-A

---

Before Morriss, C.J., Burgess and Stevens, JJ.
Memorandum Opinion by Justice Burgess

MEMORANDUM OPINION

John Fitzgerald Davis entered an open plea of guilty and judicially confessed to unlawful possession of a firearm by a felon and was convicted by the trial court and sentenced to six years' imprisonment.

Davis' appellate attorney filed a brief setting out the procedural history of the case, summarizing the evidence elicited during the course of the trial court proceedings, and concluding that the appellate record presents no arguable grounds to be raised on appeal. Counsel has filed a brief pursuant to *Anders v. California* and has provided a professional evaluation of the record demonstrating why there are no plausible appellate issues to be advanced. *See Anders v. California*, 386 U.S. 738, 743–44 (1967); *In re Schulman*, 252 S.W.3d 403, 406 (Tex. Crim. App. 2008) (orig. proceeding); *Stafford v. State*, 813 S.W.2d 503, 509–10 (Tex. Crim. App. 1991); *High v. State*, 573 S.W.2d 807, 812–13 (Tex. Crim. App. [Panel Op.] 1978). Counsel also filed a motion with this Court seeking to withdraw as counsel in this appeal.

Counsel sent a copy of the brief to Davis, provided him with a copy of the record, and advised Davis of his right to review the record and to file a pro se response. Davis filed a pro se motion for access to appellate record, which we granted, and notified Davis that his pro se response was due October 31, 2019. Davis filed neither a pro se response nor a motion for extension of time to file such a response.

We have determined that this appeal is wholly frivolous. We have reviewed the entire appellate record and have independently determined that no reversible error exists. *See Bledsoe v.*

*State*, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005). In the *Anders* context, once we determine that the appeal is without merit, we must affirm the trial court's judgment. *Id.*

We affirm the trial court's judgment.[1]

Ralph K. Burgess
Justice

Date Submitted:      December 3, 2019
Date Decided:        December 13, 2019

Do Not Publish

---

[1]Since we agree that this case presents no reversible error, we also, in accordance with *Anders*, grant counsel's request to withdraw from further representation of appellant in this case. *See Anders*, 386 U.S. at 744. No substitute counsel will be appointed. Should appellant desire to seek further review of this case by the Texas Court of Criminal Appeals, appellant must either retain an attorney to file a petition for discretionary review or file a pro se petition for discretionary review. Any petition for discretionary review (1) must be filed within thirty days from either the date of this opinion or the date on which the last timely motion for rehearing was overruled by this Court, *see* TEX. R. APP. P. 68.2, (2) must be filed with the clerk of the Texas Court of Criminal Appeals, *see* TEX. R. APP. P. 68.3, and (3) should comply with the requirements of Rule 68.4 of the Texas Rules of Appellate Procedure, *see* TEX. R. APP. P. 68.4.